MATTER OF GATILAO

In Deportation Proceedings

A-17041359

*Decided by Board December 5, 1966*

Respondent, who was admitted to the United States under section 101(a)(15) (J) of the Immigration and Nationality Act, as amended, as the alien spouse of an exchange visitor, is subject to the two-year foreign residence requirement of section 212(e) of the Act, and not having complied therewith nor having been granted a waiver thereof he is statutorily ineligible for adjustment of status pursuant to the provisions of section 245 of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—Spouse of exchange visitor—remained longer.

This case comes forward on appeal from the decision of the special inquiry officer, holding that the respondent has not established statutory eligibility for section 245 adjustment and granting him voluntary departure in the exercise of discretion.

Respondent is a 29-year-old married male alien, a native and citizen of the Philippines, who entered the United States on September 6, 1965 in possession of a J-2 visa, as the spouse of an exchange visitor. He was authorized to remain in the United States until April 19, 1966; he concedes that he has remained beyond that date without authority and that he is subject to deportation on the charge contained in the order to show cause.

Respondent is a graduate architect with a degree from the University of Santo Tomas in Manila. About one month prior to the hearing, he filed a visa petition for third preference status on his own behalf, based upon his professional standing, architecture being one of the fields specifically mentioned in the definition of "profession" contained in section 101(a)(32) of the Act. Respondent states that at the same time, he also filed an application for a waiver of the two-year foreign residence period required of all persons who enter in the

J category (cf. section 212(e), Immigration and Nationality Act). No decision on either the visa petition or the waiver application had been made up to the time of the deportation proceedings.

At the hearing, respondent applied for adjustment of status under section 245. Quota availability was based on the claimed third preference eligibility. With respect to the foreign residence requirement, respondent argued in the alternative: (a) that he had already made application for a waiver, based upon claimed hardship to his American citizen child, and (b) that in any event he did not need a waiver because he had entered the United States not as an exchange visitor, but merely as the spouse of an exchange visitor. It was his overall contention that no decision or action should be taken in the deportation proceedings, and they should be held in abeyance, pending the outcome of his applications both for third preference quota status and for the section 212(e) waiver.

The special inquiry officer, referring to section 212(e) of the Act, and section 245.1(b) of Title 8 CFR, held that respondent had entered under the J category and, therefore, was subject to the two-year foreign residence provision; that he had not complied with the residence provision and had not been granted a waiver of it; and that he, therefore, was not eligible for adjustment of status under section 245. He granted voluntary departure to the respondent.

On appeal, respondent takes the position that as a person who entered as the dependent of an exchange visitor, he need not have the two years' residence in a foreign country. It is alleged that Congress did not intend this residence requirement to apply in such cases and that the statute does not require its application.

We hold respondent's contention to be without merit. The statute specifically provides:

No person admitted under section 101(a)(15)(J) or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, * * * until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States * * *. [provisions for waiver eligibility are then set forth] Section 212(e), Immigration and Nationality Act.

We believe this to be an unequivocal statement, free of ambiguity, which does not require interpretation. What is more, counsel is incorrect in his claim that the Congress did not intend the two-year residence requirement to apply to the spouses and children of exchange visitors, if they are admitted in the "J" status. That category both for the exchange visitor and his family was created by the Mutual

Educational and Cultural Exchange Act of 1961. In a discussion and report on the proposed legislation and the underlying reasons for it (*Report of the Committee on Foreign Relations on S.1154*, S.Rep. 372, June 14, 1961, at the bottom of page 19), the following statement appears:

To the extent that the spouse and minor children of the person admitted under the new category (J) are issued a visa in that category, they, too would be subject to the two-year residence abroad provision.

As to respondent's alternative contention that it was error or denial of fairness to refuse to hold the deportation proceedings in abeyance to await the adjudication of the two applications referred to above, we consider this likewise to be without merit. Respondent has been in illegal status in the United States since April 19, 1966. He has had, therefore, ample time to make application for the waiver and preference quota status presently sought, but did not see fit to do so until about one month before the last hearing. It is in no way incumbent upon the special inquiry officer to hold deportation proceedings in abeyance to permit respondent to take or complete any preliminary steps in attempting to create eligibility for discretionary relief which he wishes to apply for at the deportation hearing, and this is especially so where the outcome is as speculative as that of respondent's foreign residence waiver application. That application has now been pending for three and a half months. If the waiver should be granted, respondent may move to reopen these proceedings to permit him to apply for adjustment.

Respondent has been granted the maximum relief for which he is eligible and we will, therefore, dismiss the appeal.

ORDER: It is ordered that the appeal herein be and the same is hereby dismissed.